**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **CORDELL MOODY** | § | |
| | § | |
| **V.** | § | No. 5:09CV183 |
| | § | |
| **ESRA CHARLES JONES, ET AL.** | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff, proceeding *pro se*, filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

### I. BACKGROUND

Cordell Moody ("Plaintiff"), appearing *pro se*, filed this lawsuit against Esra Charles Jones and Steven Youngblood ("Defendants"). That same day, Plaintiff filed an amended complaint, adding Lex Jones and James B. Finstrom as Defendants. Plaintiff also filed a motion to proceed *in forma pauperis*, bringing this case to the attention of the Court. Plaintiff alleges, among other things, that Defendant Jones' dog attacked Plaintiff by biting him on the left leg. Plaintiff further alleges Jones refuses to pay Plaintiff's medical bills and has had his friend, Defendant Youngblood, help Jones stalk and harass Plaintiff.

### II. REPORT AND RECOMMENDATION

On January 13, 2010, the Magistrate Judge *sua sponte* issued a Report and Recommendation, recommending Plaintiff's above-entitled and numbered cause of action be dismissed without

prejudice. The Magistrate Judge outlined the numerous lawsuits Plaintiff has filed in this Court, many of which have been dismissed as frivolous. The Magistrate Judge further noted that the undersigned has prohibited Plaintiff from proceeding with any civil action in this Court – whether he filed it in this Court, he filed it in another court and it was removed to this Court, or he filed it in another federal court and it was transferred to this Court – unless he obtains from a district judge of this Court leave to proceed in this Court.

### III. PLAINTIFF'S OBJECTIONS

Plaintiff filed objections to the Report and Recommendation. In his objections, Plaintiff asserts that he should not be held to the same standards of perfection as a practicing lawyer. Plaintiff briefly addresses his claims regarding the alleged dog bite. Specifically, Plaintiff states he will stop filing lawsuits when the defendants stop "turning their dogs out to bite plaintiff." Plaintiff's objections at pg. 1. Plaintiff states he has been ill since the dog bite occurred. *Id.* at pg. 7.

Plaintiff then alleges in detail that there is deadly black mold in the city jails, in the county courthouse, and at the city hall bathrooms in Camp County and Marion County, Texas. *Id*. at pg. 2. Plaintiff asserts the Marion County City Hall must be condemned because covering the black mold with cement will only make the black mold worse. *Id.* at pg. 3. Plaintiff alleges he has black mold disease, and he states he has photographs of the alleged black mold. Id. at pgs. 1, 4. Plaintiff states he will be filing "lawsuits to the end of the world because . . . Moody do[es] not like things like germs, diseases carrying Black Mold that's killing people all over the [w]orld. . . . I guess [sic] the Courts will be filing sanctions and frivolous against me until the end of the world. Because I won't [sic] stop, I won't [sic] give up . . . no prisons won't [sic] stop me, Moody from filing for my rights. . . ." *Id.* at pg. 2.

2

Regarding the sanctions that have been imposed against him in the past, Plaintiff asserts the judges have dismissed his lawsuits because they are scared of his legal skills and fear he will win a jury trial. *Id*. at pg. 6. Specifically, Plaintiff alleges as follows:

> [D]efendants, judges Magistrates or whatever are scared, fear Moody's legal work, skills of a professional pro se Civil Rights Attorney who helped Attorney Jonnie Cochran with some of O.J. Simpson cases. . . . Moody is . . . the greatest pro se Civil Rights Attorney that ever lived.

*Id*. at pg. 6. Plaintiff questions why judges would sanction a mentally ill person. *Id.* at pg. 9. He then accuses the clerks of "typing up wrong stuff on sanctions" which the judges sign without "pre-reading the recommendations." *Id*. Plaintiff states he is not concerned about sanctions; he is only concerned about black mold disease. *Id.* at pg. 10.

Plaintiff also filed amended objections on the "killer black mold diseases." See Dkt. No. 6. The amended objections are addressed to the Honorable Jeff Kaplan and all U.S. District Judges that sanction Plaintiff. Plaintiff states, among other things, that he is a disabled, incompetent person, and the sanctions imposed against him are wrongful.

### IV. *DE NOVO* REVIEW

As outlined by the Magistrate Judge in her Report and Recommendation, Plaintiff has filed numerous lawsuits, many of which have been dismissed as frivolous, and he has been sanctioned by this Court and other federal courts for abuse of the judicial process. Despite the sanctions and preclusion orders, Plaintiff persists in filing new lawsuits without first having complied with the sanctions. Recommendations have been made to dismiss the following lawsuits because Plaintiff had not complied with the sanctions: *Moody v. Director, TDCJ-CID*, Civil Action No. 2:04cv416 (E.D. Tex. Dec. 7, 2004); *Moody v. Behjoo*, Civil Action No. 3:04-MC-0107-H, 2005 WL 65954

3

(N.D. Tex. Jan. 11, 2005); *Moody v. Security State Bank, et al.*, Civil Action No. 2:05cv52 (E.D. Tex. Feb. 17, 2005); and *Moody v. James P. Finstorm, et al.*, Civil Action No. 2:05cv51 (E.D. Tex. Feb. 23, 2005).

More recently, on May 5, 2008, Plaintiff, proceeding *pro se*, filed a lawsuit in the 5th Judicial District Court of Cass County, Texas, Cause No. 08-C-250, naming The Dairy Queen and Sasha Jones as defendants. The defendants appeared and answered in the state court case on May 30, 2008. Because Plaintiff's claims against the defendants arose out of a civil rights violation, the defendants filed their Notice of Removal, properly removing Plaintiff's state court case to this Court. *Moody v. Liepman Restaurants, Inc., et al.*, 5:08cv98 (E.D. Tex.). Plaintiff subsequently filed a motion to remand.

Before the Court considered Plaintiff's motion to remand, Plaintiff failed to appear at a Court-scheduled management conference. The Court issued a show cause order, allowing Plaintiff an opportunity to show cause why his case should not be dismissed. Specifically, the undersigned ordered Plaintiff to file a brief with the Court, showing good cause for his failure to appear at the Rule 16 management conference. In his brief, Plaintiff was ordered to also provide the information requested in the Joint Conference Report regarding the identity of persons expected to be deposed by Plaintiff and the names of Plaintiff's trial witnesses.

Plaintiff filed his response to the Court's show cause order. In his response, Plaintiff failed to show good cause for his failure to appear at the Court's Rule 16 management conference. Plaintiff also failed to provide the above information regarding his witnesses as ordered by the Court. Instead, Plaintiff requested that he be allowed to appeal his case to the court of appeals, asserting this Court is prejudiced against him.

In a Report and Recommendation, after first denying Plaintiff's motion to remand, the Court considered Plaintiff's failure to show good cause. Although Plaintiff was proceeding without counsel, the Court acknowledged that he has substantial experience with the judicial process, having filed more than a dozen other cases in this Court and other federal courts. The Court stated Plaintiff had filed the lawsuit at issue in Texas state court, and the defendants then exercised their statutory right to remove the case to this Court. The Court then noted that because the sanction against Plaintiff was limited to complaints filed initially in this Court, it did not extend to removed cases. *See Ruston v. Dallas County, Texas, et al.*, 2008 WL 958076, *2 (N.D. Tex. 2008).

The Court then considered the merits of Plaintiff's lawsuit, first noting Plaintiff's chief complaint was that he was discriminated against because of his race by not being served his tacos at Dairy Queen as quickly as the people in the drive through. Taking as true Plaintiff's allegations that his service was slow, the Court held that slow service does not rise to a level of violating one's civil rights and that Plaintiff had not and could not establish a *prima facie* case of intentional discrimination. The Court again noted Plaintiff had failed on a couple of occasions to obey this Court's rules. For all these reasons, the Magistrate Judge recommended that Plaintiff's case be dismissed with prejudice for failure to state a claim on which relief can be granted. The Magistrate Judge further recommended that the Court modify the sanction previously imposed against Plaintiff and impose the following sanction:

> Cordell Moody is prohibited from proceeding with any civil action in this court - whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court - unless he obtains from a district judge of this court leave to proceed in this court.
>
> If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Moody

5

seeks, in writing, leave from a district judge of this court to proceed in this court. August 26, 2008 Report and Recommendation at pg. 7. The undersigned adopted the Report and Recommendation, prohibiting Plaintiff from proceeding with any civil action in this court - whether he filed it in this Court, he filed it in another court and it was removed to this Court, or he filed it in another federal court and it was transferred to this Court - unless he obtains from a district judge of this Court leave to proceed in this Court.

Plaintiff later filed the current lawsuit without first obtaining from a district judge of this Court leave to proceed in this Court. Plaintiff has also failed to satisfy all sanctions imposed upon him by this Court. According to the Court's records, Plaintiff was sanctioned $50.00 in Cause No. 2:93cv113; $50.00 in Cause No. 2:93cv127; and $100.00 in Cause No. 2:93cv58. Plaintiff made a recent payment of $100.00 which was applied to the sanctions issued in Cause Nos. 2:93cv113 and 2:93cv127. The $100.00 sanction issued more recently in Cause No. 2:93cv58 remains unsatisfied. In Cause No. 2:05cv51, the Court dismissed Plaintiff's case without prejudice to refiling after *all* sanctions imposed by the Court have been satisfied and after Plaintiff has obtained permission from a judicial officer upon motion to file the lawsuit.

In his objections, Plaintiff does not show good cause for his failure to satisfy all the sanctions previously imposed upon him by this Court. Nor has he explained his failure to seek and obtain permission from a district judge to proceed in this Court. Plaintiff should not only be prohibited from proceeding with any civil action in this Court unless he first obtains from a district judge of this Court leave to proceed in this Court, but Plaintiff should also be prohibited from proceeding with any civil action in this Court until he has satisfied all the sanctions previously imposed against him.

Plaintiff's objections to the Report and Recommendation are without merit. The Court is of

the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered cause of action is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiff is prohibited from proceeding with any civil action in this Court - whether he filed it in this Court, he filed it in another court and it was removed to this Court, or he filed in another federal court and it was transferred to this Court - unless he obtains from a district judge of this Court leave to proceed in this Court. It is further

**ORDERED** that if a civil action is properly removed or transferred to this Court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Plaintiff seeks, in writing, leave from a district judge of this court to proceed in this Court. It is further

**ORDERED** that Plaintiff is prohibited from proceeding with any civil action in this Court until all sanctions imposed against him have been satisfied.

**SIGNED this 22nd day of March, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE